# Third District Court of Appeal

## State of Florida

Opinion filed October 31, 2018.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D18-922
Lower Tribunal No. 14-97-P
_____

**Richard Berenyi and Catherine Berenyi,**
Appellants,

vs.

**Florida Department of Children and Families, et al.,**
Appellees.

An Appeal from the Circuit Court for Monroe County, Sharon I. Hamilton, Judge.

The Albury Law Firm, and Joseph M. Albury; Bernadette Restivo, for appellants.

Karla Perkins, for appellee Department of Children & Families; Thomasina F. Moore (Tallahassee), for appellee Guardian ad Litem Program.

Before SALTER, SCALES and LUCK, JJ.

SALTER, J.

The paternal grandparents ("Grandparents") of a six-year-old child (the "Child") appeal a final judgment of adoption in favor of a couple who were serving as foster parents ("Petitioners") before petitioning to adopt the Child. The Petitioners had custody and cared for the Child for three years, following his placement by the Florida Department of Children and Families ("DCF"). Based on the lack of notice to the Grandparents and opportunity for them to be heard in connection with the ultimately-granted petition by the foster parents/Petitioners, we reverse and remand the final judgment for further proceedings.

In August 2016, the Circuit Court for Monroe County terminated the parental rights of the parents of the Child, and this Court affirmed that final judgment in March 2017. S.B. v. Dep.'t of Children & Families, 224 So. 3d 230 (Fla. 3d DCA 2017). The Grandparents, who reside in Illinois, filed a "Verified Petition for Adoption by Relatives," in April 2017, identifying themselves as "Intervenors." Their allegations in their brief on appeal include declarations that (a) they had filed a motion to intervene in the dependency case in the trial court, and (b) that the motion had been granted. The record and docket do not include a written order on the motion. The Grandparents moved to change counsel in April 2017, however, and both the motion to substitute and order of substitution signed by the trial court did identify the Grandparents as "Intervenors."

As the Child remained in the care of DCF, a judicial review was held in May 2017. At the hearing, the Grandparents (through counsel) objected to the judicial review because they were "pretty much not even mentioned" and it looked as if "Wesley House and the Guardian want[ed] [the child] to be adopted by the current caregivers and not the grandparents."[1] As the hearing progressed, the Grandparents' counsel inquired as to "the status of [his] clients"; the trial court responded, "They are not parties to the action at this point in time[,] [h]owever, since they filed the adoptive application, the[] [Grandparents] are considered to be interested in the process."

Thereafter, the Grandparents filed a motion to compel phone visitation and other contact with the Child. Following a hearing in July 2017, the Grandparents' motion was granted in part to allow for Skype visits on Sundays and Tuesdays with the Child while in the care and custody of the Petitioners.

At a status conference in February 2018, DCF submitted a "judicial review," and counsel for the Grandparents objected:

> Obviously the paternal grandfather objects because [the judicial review] does not recommend that he adopt his grandson. Previous counsel, Mr. Bridges, has filed a petition for adoption. I presume the Department will be filing one shortly. And we'll have a hearing on the matter.[2]

---

[1] Wesley House Family Services, a not-for-profit corporation, provides child welfare services throughout the Florida Keys.

[2] The objection was raised by the Grandparents' Monroe County counsel, as the

Noting the objection, the trial court "accept[ed] the reports filed by the Department and the Guardian ad Litem, and f[ound] that the child is appropriately placed and all of his needs are being met, and that . . . the Department is in substantial compliance." The court set the next judicial review for May 7, 2018.

The order on judicial and permanency review entered on February 5, 2018, includes two relevant findings. First, the order indicates that "[a]ll persons entitled to notice of this hearing were properly noticed of the hearing and were provided a copy of documents filed for this hearing"; the "persons present" and "copies to" entries included counsel for the Grandparents. Second, the "Current Case Plan Goal" indicated "ADOPTION" and set "the projected goal date [of] October 24, 2018."

Prior to the next status conference, on April 2, 2018, the Petitioners filed a joint petition for adoption; the petition did not include a certificate of service. On the same day, and within three hours of the filing of the joint petition, the trial court entered a final judgment of adoption. The final judgment indicated that copies were sent to all parties except the Grandparents or their counsel. A brief hearing on the Petitioners petition was conducted; the Grandparents and their attorney were neither present nor provided notice.

---

Grandparents resided in Illinois.

4

Following the entry of the final judgment, the Grandparents sought to dismiss the Petitioners' adoption petition, claiming, among other things, they "were entitled to notice of the adoption when it occurred." The Grandparents, however, were unable to obtain a hearing date prior to the expiration of the deadline within which to appeal. This appeal by the Grandparents followed.

Analysis

"Intervention is the procedure by which third persons, not originally parties to a lawsuit but claiming an interest in the subject matter, enter the case to protect their rights or to interpose a claim." In re Adoption of a Minor Child, 593 So. 2d 185, 189 (Fla. 1991). Generally, the interest which entitles a party to intervene must be "one of such direct and immediate character that the intervenor will be affected by a judgment." Wilson v. Wilson, 211 So. 3d 313, 316 (Fla. 3d DCA 2017).[3]

Although the record is devoid of an order addressing intervention, the Grandparents have actively participated—and without objection by the Petitioners or DCF—at nearly all stages of the post-termination of parental rights adoption proceeding. And through counsel, the Grandparents established their interest in

_____

[3] The rule governing intervention in family cases, Florida Family Rule of Civil Procedure 12.230, was amended in March 2017, during the pendency of the proceedings in the circuit court. The amendment does not alter our analysis in this case.

5

adopting the Child, including their submission of a home study attached to their own verified petition to adopt the Child.

The Grandparents acknowledge that their own adoption application was denied by the local Adoption Review Committee at the end of December 2017, but that application and denial are not a part of the trial court record, and there is no indication that they were reviewed by the trial court after notice to the Grandparents through their counsel. Their verified petition was not the subject of a hearing or order by the trial court.

The Petitioners argue that the Grandparents did not obtain an order granting intervention, that the Grandparents lack standing, and that they are non-parties. The record belies such a contention, as the record includes: the recognition of the Grandparents' original and successor counsel as "counsel for Intervenors"; the trial court's ruling allowing the Grandparents to have Skype video time with the Child and acknowledging the Grandparents were "interested in the process"; and the trial court's direction to Wesley House to send a copy of the Petitioners' home study to the Grandparents.

Here, as in In re Adoption of a Minor Child, the Grandparents were "legally interested parties" entitled to notice and an opportunity to be heard regarding the Petitioners' petition to adopt the Child. We express no opinion regarding the best

interests of the Child at this point, nor the merit or lack of merit of the parties' positions regarding those interests.

Reversed and remanded for further proceedings, which we trust will be reset and conducted expeditiously in order to achieve all parties' goal of permanency for the sake of the Child.